UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOWNSEND,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　Defendants. | Case No. SACV 11-1864-GAF (RNB)<br><br>ORDER TO SHOW CAUSE |

Plaintiff filed this pro se civil rights action on December 2, 2011, after prepaying the filing fee. As best the Court can glean from the allegations of the Complaint, the gravamen of plaintiff's claims is that various of his federal constitutional rights have been violated by a state court judge's declaration that plaintiff is a vexatious litigant within the meaning of California's Vexatious Litigant Statute, Cal. Civ. Proc. Code §§ 391 et seq., and by another state court judge's subsequent invocation of the first judge's ruling. Plaintiff purports to be seeking injunctive and declaratory relief vacating the orders issued by the two state court judges and enjoining the enforcement of California's Vexatious Litigant Statute, along with related injunctive relief directed to the California Superior Courts.

//
//

**A.** **To the extent that plaintiff is seeking review of the Superior Court decisions applying and invoking California's Vexatious Litigant Statute, this action is barred by the Rooker-Feldman doctrine.**

The Rooker-Feldman doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Review of state court decisions may be conducted only by the United States Supreme Court. Feldman, 460 U.S. at 476, 486; Rooker, 263 U.S. at 416; see 28 U.S.C. § 1257.

The Rooker-Feldman doctrine applies even when the challenge to the state court decision involves federal constitutional issues, and even if the state court judgment is not from the state's highest court. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God, 805 F.2d at 891, 893 n.3; see also Branson v. Nott, 62 F.3d 287, 290-92 (9th Cir.) (involving procedural due process challenge to state court proceedings), cert. denied, 516 U.S. 1009 (1995). Moreover, since the Rooker-Feldman doctrine proscribes federal court jurisdiction over collateral challenges to state court judgments, it cannot be waived and the court has an obligation to raise the issue sua sponte. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986) (discussing appellate court's duty to raise jurisdictional issues sua sponte); see also Garry v. Geils, 82 F.3d 1362, 1364 (7th Cir. 1996) (Rooker-Feldman cannot be waived and must be raised by the court sua sponte); Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n. 5 (4th Cir. 1997), cert. denied, 522 U.S. 1077 (1998); Doctor's Assocs. v. Distajo, 107 F.3d 126, 137 (2d Cir.), cert. denied, 522 U.S. 948 (1997).

//

In analyzing whether it has jurisdiction to hear a particular constitutional challenge, the federal district court must determine whether the constitutional claims are "inextricably intertwined" with the state court's rulings in plaintiff's state case. See Feldman, 460 U.S. at 483 n.16 (stating that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's [decision], then the District Court is in essence being called upon to review the state court decision"); Worldwide Church of God, 805 F.2d at 892.

Here, plaintiff's constitutional claims appear clearly to be "inextricably intertwined" with the state court judges' decisions because plaintiff is alleging that the actions of the state court judges about which he is complaining (i.e., their application and invocation of California's Vexatious Litigants Statute) violated his federal constitutional rights. Moreover, in the prayer for relief section of the Complaint, plaintiff is seeking to have this Court overturn the decisions of the two state court judges. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined," and the Rooker-Feldman doctrine requires that the federal court decline jurisdiction. Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); see also Partington v. Gedan, 961 F.2d 852, 865 (9th Cir.) (applying the Rooker-Feldman doctrine where plaintiff sought to have the district court review a state court decision interpreting a state court rule).

Since plaintiff is challenging a vexatious litigant order already issued against him and currently in force, this case is distinguishable from Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004). There, the Ninth Circuit held that the Rooker-Feldman doctrine did not apply to a litigant challenging California's Vexatious Litigant Statute because, at the time the plaintiff filed his complaint, there was no vexatious litigant order in place against him. Although the plaintiff had previously been declared a vexatious litigant, his name had been removed from the list. See Wolfe, 393 F.3d at

361, 364.[1] Distinguishing Wolfe on this basis, a California district court held earlier this year that a plaintiff's complaint challenging a vexatious litigant order that currently was in place against him was barred by the Rooker-Feldman doctrine. See Davis v. George, 2011 WL 902210, *3-*4 (E.D. Cal. Mar. 15, 2011); see also Hanson v. Firmat, 272 Fed. Appx. 571, 572 (9th Cir. 2008) (affirming district court's conclusion that the Rooker-Feldman doctrine barred § 1983 action challenging inter alia the constitutionality of California's vexatious litigant statutes); Rupert v. Atack, 2011 WL 320230, *2-*3 (N.D. Cal. Jan. 28, 2011) (holding that plaintiffs' action seeking review of a state court vexatious litigant determination was barred by the Rooker-Feldman doctrine).

**B.    Alternatively, consideration of plaintiff's claims appears to be barred by the Younger abstention doctrine.**

In Wolfe v. Strankman, 392 F.3d at 366, the Ninth Circuit left open for further consideration by the district court whether the action in the alternative was subject to dismissal on the basis of the Younger abstention doctrine.

Where a federal district court is not asked to review the merits of a final state judgment, but rather to enjoin ongoing state proceedings, the principles of abstention outlined in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and not Rooker-Feldman, govern such claims. See Pennzoil Co. v. Texaco, 481 U.S. 1, 10, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987); H. C. ex rel. Gordon v. Koppel, 203 F.3d 610, 612 (9th Cir. 2000).

---

[1] The Court notes that, on remand, Wolfe filed an amended complaint claiming that California's vexatious litigant procedure violated his federal constitutional rights in pretty much the same respects as plaintiff is claiming herein. The district court granted judgment on the pleadings rejecting all of these claims (see Wolfe v. George, 385 F. Supp. 2d 1004 (N.D. Cal. 2005)) and the Ninth Circuit affirmed (see Wolfe v. George, 486 F.3d 1120, 1124-27 (9th Cir. 2007)).

The policy of abstention "rests on notions of comity and respect for state functions," see Champion Int'l. Corp. v. Brown, 731 F.2d 1406, 1408 (9th Cir. 1984), and restrains federal courts from exercising jurisdiction in civil and administrative proceedings as long as those proceedings relate to an important state interest. See Ohio Civil Rights Comm'n. v. Dayton Christian Schools, Inc., 477 U.S. 619, 627, 106 S. Ct. 2718, 91 L. Ed. 2d 512 (1986). Federal courts are precluded not only from issuing injunctions in cases that fall within the scope of Younger and its progeny but from even considering the merits of such cases. See Fresh Int'l. Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1354 (9th Cir. 1986). The issue of whether a case should be dismissed pursuant to the Younger abstention doctrine may also be raised by a district court sua sponte. See, e.g., Agustin v. County of Alameda, 234 Fed. Appx. 521, 522, (9th Cir. 2007) (affirming district court's sua sponte order of dismissal based on Younger abstention).

In Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982), the Supreme Court articulated a three-prong test for determining when a federal court must abstain from hearing a suit under Younger. A federal court must abstain from hearing and dismiss a suit if deciding the merits of the suit would interfere with a state proceeding that is (1) ongoing, (2) implicates important state interests and (3) provides an adequate opportunity to raise federal questions. See id. at 432; see also Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360 (9th Cir. 1993), cert. denied, 510 U.S. 1110 (1994); Fresh Int'l. Corp., 805 F.2d at 1357-58.

Here, it appears from plaintiff's allegations and the exhibits attached to his Complaint that the action in which the state court judge declared plaintiff a vexatious litigant and the subsequent action in which the state court judge invoked the first judge's ruling may still be ongoing in the sense that plaintiff is attempting to pursue appellate review of the dismissals resulting from those rulings. If so, the first prong of the Middlesex test would be met. See Huffman v. Pursue, Ltd., 420 U.S. 592, 608,

95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) ("[A] necessary concomitant of Younger is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in Younger."). The second prong of the Middlesex test would also be met in that California's vexatious litigant statute does implicate important state interests. As the Ninth Circuit observed in Wolfe v. George, 486 F.3d at 1126, "vexatious litigants tie up a great deal of a court's time, denying that time to litigants with substantial cases" and "the state has an interest in protecting defendants from harassment by frivolous litigation." Finally, to the extent that plaintiff may still obtain appellate review of the dismissals resulting from the state court judges' vexatious litigant rulings, it appears to the Court that plaintiff has an adequate state forum in which to pursue his federal constitutional claims. See Middlesex, 457 U.S. at 435 (rejecting contention that state forum would be inhospitable to federal claims). Whether or not plaintiff has availed himself of the opportunity to raise any constitutional claims he may have is irrelevant. See World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1083 (9th Cir. 1987).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT THEREFORE IS ORDERED that, within twenty-eight (28) days of the service date of this Order, plaintiff shall show good cause in writing, if there be any, why this case should not be dismissed without prejudice by the District Judge for lack of subject matter jurisdiction under the Rooker-Feldman doctrine or alternatively under the Younger abstention doctrine.

DATED: December 6, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE